

## THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 21, 1971

Mr. Enrique H. Pena
County Attorney
El Paso County
Room 201 City-County Bldg.
El Paso, Texas 79901

Opinion No. M-889

Re: 1) Authority of the El Paso
Council of Governments to
enter into contract with
Dona Ana County, New Mexico,
for development of a recrea-
tional area. 2) Authority of
City of El Paso to enter into
a contract with El Paso Council
of Governments for development
of recreational area partly
in city limits and partly in
New Mexico.

Dear Mr. Pena:

In your recent letter you give background information
concerning the organization of the El Paso Council of Governments
and request the opinion of this office on the following questions:

1. Whether the El Paso Council of Governments can
enter into a contract with Dona Ana County, acting through its
Board of Commissioners, for the development of a recreational
area where the land lies both in the State of New Mexico and
the State of Texas.

2. Whether the City of El Paso is authorized to enter
into a contract with the El Paso Council of Governments for the
development, operation and maintenance of a recreational area,
where such recreational area lies partly within the city limits
of the City of El Paso, part of it is in the County of El Paso,
and a portion of the area is within the County of Dona Ana,
State of New Mexico.

We are of the opinion that if the El Paso Council of
Governments enters into a contract with the City of El Paso,
whereunder the city is to develop, operate, and maintain as a

-4331-

recreational area the land described in your inquiry, then the contract may also include as a party Dona Ana County, New Mexico. That county's obligation under that contract is primarily to contribute $25,000 to the development of the area and to maintain police patrol over the land situated in New Mexico.

A contract of this kind is within the purview of Article 1011m, Vernon's Civil Statutes*, under which the El Paso Council of Governments derives its powers. The Legislature clearly drafted Article 1011m with a view to giving the Council broad powers to accomplish the purposes of the Act; it should be given a liberal construction to carry out the purposes and objectives. Attorney General's Opinion No. M-689 (1970). Section 1D of this Article reads, in part, as follows:

" . . . It is the intention of this Act to permit the greatest possible flexibility among the various participating governmental units to organize and establish Commissions most suitable to the nature of the area problems as they see them."

Further evidence that the Legislature did not intend to restrict by this Act the powers of the governmental units acting through the Council is found in the following language from Section 3 of Article 1011m:

" . . . But nothing in this Act shall be construed to limit the powers of the participating governmental units as provided by existing law . . ."

Section 7 of this Article provides for interstate cooperation as follows:

*References to and quotations from this Art. 1011m include the amendments to it made by S.B. 242, Acts 1971, 62nd Leg., R.S., effective May 28, 1971.

"Section 7. Interstate Commissions. With advance approval of the Governor, a Commission including a region or area which is contiguous to an area lying in another state may join with any similar commission or planning agency in such areas to form an interstate Regional Planning Commission or may permit the Commission in the contiguous area to participate in the planning functions of a Commission formed pursuant to this Act, and the funds provided under the provisions of Section 6 of this Act may be commingled with the funds provided by the state governments having jurisdiction over the contiguous areas."

Although the project here considered would not be developed by an interstate Regional Planning Commission as authorized by Section 7, we note that the Legislature evidenced by this Section its recognition of the need for and its approval of interstate cooperation.

Section 4(a) expressly authorizes the Commission to make plans for the development of the area, including parks and recreation sites.

Section 4(d) provides authority for the Council to acquire a leasehold interest in the subject land in the following language:

"(d) A Commission may purchase, lease or otherwise acquire, hold, sell or otherwise dispose of real and personal property. . . ."

Authority for the Commission to assist in the development of the recreational area is found in the following language from Section 4(b):

" . . . The Commission may assist the participating governmental units individually or collectively in carrying out plans or recommendations developed by the Commission. . . ."

Section 4(c) of Article 1011m provides that the Commission may contract with one or more of its member governments to perform certain services. We think that the three party contract here discussed would be authorized, even though Dona Ana County is not a member government, because the contract to perform the service of developing and maintaining the recreational facility is undertaken by the city of El Paso, a member government. We see no reason why Dona Ana County could not join as a supplier of money; that county already has a duty under New Mexico law to maintain order in all that major portion of the park area which lies in New Mexico.

Section 6(a) of Article 1011m reads as follows:

"Funds. (a) A Regional Planning Commission is authorized to apply for, contract for, receive and expend for its purposes any funds or grants from any participating governmental unit or from the State of Texas, federal government, or any other source."

It also should be observed that Articles 4413d-1 and 4413d-2, Vernon's Civil Statutes, which are to be considered in pari materia with Article 1011m, declare the public policy of the state is " . . . to render technical assistance and to assume responsibility for coordinating relationships between local governmental units and federal agencies. . . ." in any federal grant program. It is our opinion that the powers of the City of El Paso and the Council of Governments, both of which are governmental units and political subdivisions of the state, extend to Dona Ana County and the Federal agencies with respect to the proposed contract.

In reply to your second question, our answer is in the affirmative, if:

(1) The city holds the land as one of the lessees under the Federal government which owns all of the land; and

(2) The city administers and operates the recreational facilities, either singly or jointly in cooperation with one or more other governmental units.

The City of El Paso is chartered under Chapter 5, Special Laws of Texas, Acts of the 30th Legislature, Regular Session, 1907, page 24. Section 1 of that Act provides that the city

" . . . may take, acquire, hold and purchase, lease, grant, sell or convey such property, real, personal or mixed, as the needs or purposes of the corporation may require, either within or without the limits of the city, including real estate without the limits of the city of El Paso, for . . . for public parks . . ." (Emphasis supplied.)

Section 2 of the Act of 1907 includes the following language:

" . . . and it shall have and exercise all powers of municipal government not prohibited to it by this charter or by some general law of the State of Texas, or by the provisions of the Constitution of the State of Texas."

We are of the opinion that Section 1 of the Act of 1907 authorizes the city to acquire a lease on the land in question and to develop it as a recreational facility. The statute expressly authorizes the holding of real property without the limits of the city, and does not restrict such holding to land within the county or the state. The broad powers granted under Section 2 of the same Act would also authorize such holding.

We are of the opinion that the broad powers granted to the city under Section 2 will permit the city to contract with the El Paso Council of Governments for the development, operation and maintenance of the recreational area.

In addition to the Act of 1907 chartering the City of El Paso there are Texas statutes which authorize a city to develop and maintain recreational facilities. We direct your attention to Article 1015c-1, Vernon's Civil Statutes. An examination of that statute discloses the following features:

1.  A city is expressly authorized to establish, operate and support public recreational facilities.  Sec. 1.

2.  The statute does not restrict the location of the park to the city, county, or state.

3.  A city " . . . may establish, provide, acquire, maintain, construct, equip, operate and supervise recreational facilities and programs either singly or jointly in cooperation with one (1) or more other governmental units."  Sec. 3.

4.  The statute expressly permits a city to establish, operate or support public recreational facilities and programs on land held as lessee.  Sec. 7.

5.  The statute expressly permits the city to accept any gift of money or other personal property for use in the establishment, operation, or support of public recreation facilities and programs.  Sec. 7.

## S U M M A R Y

Dona Ana County of New Mexico may be a third party to the proposed contract between the El Paso Council of Governments and the City of El Paso, under which the City of El Paso is to develop, operate, and maintain as a recreational area land which lies partly in the City of El Paso and partly in Dona Ana County, New Mexico.  Dona Ana County's obligation under that contract is primarily to contribute $25,000 to the development of the area and to maintain police patrol over the land situated in New Mexico.

The City of El Paso is authorized to enter into the proposed contract with the El Paso Council of Governments for the development, operation and maintenance of a recreational area, where the land constituting such recreational area lies partly within the city limits of the City, partly within

the County of El Paso, and a part of the land is within the County of Dona Ana, State of New Mexico. The city will hold the land as one of the lessees and will administer and operate the recreational area, either singly or in cooperation with one or more other governmental units. Art. 1011m, 1015c-1, 4413d-1 and 4413d-2, V.C.S., and Acts 30th Leg., 1907, R.S., Spec. Laws, Ch. 5, P. 24 (Charter of the City of El Paso).

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Melvin Corley
Sam Jones
Scott Garrison
Austin C. Bray, Jr.

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant